IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION and THE UNITED FEDERATION OF CHURCHES LLC d/b/a THE SATANIC TEMPLE,      Plaintiffs,   v.   FRANKLIN COUNTY, INDIANA,      Defendant. | )  )  )  )  )  )  )  )  )  )  )  )  )     No. 1:15-cv-484 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

**Introductory Statement**

1. In January of 2015, Franklin County, Indiana enacted Ordinance No. 2015-02, which regulates the use of a large lawn outside the Franklin County Courthouse in Brookville. Among other things, this ordinance allows persons wishing to erect public displays on the lawn—or to use the lawn for other purposes—to file a permit application with the Franklin County Board of Commissioners. However, the ordinance prohibits persons other than residents of Franklin County from using the Courthouse lawn. Neither Freedom From Religion Foundation nor The United Federation of Churches LLC (doing business as The Satanic Temple) is a resident of Franklin County, although they both wish to express themselves by erecting displays on the Courthouse lawn. Therefore, when they submitted permit applications to the Board of Commissioners, these applications were denied solely because they are not residents of the county. To the extent that it prohibits persons other than county residents from making use of the

1

Courthouse lawn, the ordinance violates the First Amendment to the United States Constitution. Appropriate declaratory and injunctive relief must issue and, if the plaintiffs are not permitted use of the Courthouse lawn during the requested period of time in late 2015 and early 2016, they will each suffer damages to which they are also entitled.

**Jurisdiction, Venue, and Cause of Action**

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

5. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the U.S. Constitution.

**Parties**

6. Freedom From Religion Foundation ("FFRF") is a nationwide not-for-profit membership organization that is incorporated in Wisconsin and has its primary place of business in Madison, Wisconsin. The organization is devoted to protecting the constitutional principle of the separation of church and state. FFRF has 21,500 members in the United States and 340 members in Indiana.

7. The United Federation of Churches LLC d/b/a The Satanic Temple ("The Satanic Temple" or "TST") is an international religious organization that is incorporated in Massachusetts and has its primary place of business in Somerville, Massachusetts. However, it has several chapters located throughout the United States.

8. Franklin County, Indiana, is a county located in eastern Indiana.

**Factual Allegations**

The Franklin County Courthouse Lawn

9. The Franklin County Courthouse ("the Courthouse") is located in downtown Brookville, Indiana, which is the county seat of Franklin County ("the County").

10. Directly adjacent to the Courthouse is a large lawn that is owned and operated by the County. Both the Courthouse and the adjacent lawn directly abut U.S. Highway 52 (also known in places as Brookville Road but known in downtown Brookville as Main Street), a busy two-lane highway that runs from North Dakota to South Carolina.

11. The lawn consists primarily of a large grassy area with several trees, and covers approximately a city block. The lawn also contains a picnic table, a gazebo, and a memorial dedicated to the memory of fallen providers of emergency services (with two benches).

12. The lawn is used throughout the year for a wide variety of formal activities—including festivals, protests, and fundraisers—as well as less formal activities such as reading, having lunch with friends, or otherwise congregating. The lawn therefore constitutes a traditional public forum.

13. For approximately the past fifty years, a life-size nativity scene has been placed on the Courthouse lawn each winter during the holiday season. This gave rise to the filing of a lawsuit against the County by FFRF and two FFRF members who are residents of the County, alleging that the display of the nativity scene violates the Establishment Clause to the First Amendment of the United States Constitution. That lawsuit is currently pending in this Court under Cause No. 1:14-cv-2047-TWP-DML (S.D. Ind.).

Ordinance No. 2015-02

14. In response to the aforementioned lawsuit, the County passed Ordinance No. 2015-02 ("the Ordinance")—titled "Franklin County Courthouse Policies and Procedures (Courthouse Grounds Use)—on January 12, 2015. A true and correct copy of the Ordinance is attached and incorporated herein as Exhibit 1.

15. According to Section 1.1 of the Ordinance,

    Public use of the courthouse grounds includes, but is not limited to, activities sponsored by county departments; celebrations; community events; cultural, educational, and historical activities, displays, demonstrations, exhibits, marches, rallies, press conferences, speeches, and vigils related to government or public issues; memorial services, performances, wedding ceremonies, and other expressive activities. The purpose in doing so is to provide a forum to promote understanding of issues of public concern and to foster respect for the rights of all individuals.

16. Therefore, "[i]t is the county's policy to provide all county citizens with equal access to the courthouse grounds." (Sec. 1.2).

17. According to the Ordinance, "[a]ny citizen of Franklin County who wishes to use public space on the courthouse grounds must apply for a permit no more than eleven (11) months nor less than four (4) weeks prior to the proposed use," although an exception to the timeliness requirement exists if the intended use is "in response to a news item or current event that prevents a timely application four (4) weeks prior to the desired use." (Sec. 3.1).

18. However, "[g]roups of 10 people or fewer seeking to demonstrate need not apply for a permit." (Sec. 2.2).

19. If a person wishes to erect a public display on the Courthouse lawn, that display "may not exceed a square area of 20 feet per side" and must be placed in one of several areas designated by the County's Board of Commissioners for such displays. (Sec. 2.5). A map of the designated areas is attached and incorporated herein as Exhibit 2.

4

20. Permit applications must be submitted "on a form approved by the [County's] Board of Commissioners" (Sec. 3.2), must provide certain information concerning the proposed event or display (Sec. 3.2 & 3.3), and must be accompanied by a nonrefundable fee of $25 (Sec. 4.1).

21. Applications are then considered and acted upon at a public meeting of the Board of Commissioners (Sec. 3.4), but must be granted if they "meet[] the conditions of this policy" (Sec. 3.5).

22. If an application is denied, the Board of Commissioners must "issue a notice of denial stating the reason for the denial and . . . provide the applicant with a copy of the minutes of the meeting at which the application was considered." (Sec. 3.6).

Denial of Permit Applications Submitted by FFRF and TST

　　*A.  FFRF*

23. As indicated, FFRF is a non-for-profit membership organization devoted to protecting the constitutional principle of the separation of church and state.

24. In mid-February of 2015, FFRF submitted a permit application to erect a display on the Courthouse lawn from November 29, 2015 through January 6, 2016.  The display is to consist of several cut-out figures celebrating the December 15th nativity of the Bill of Rights.

25. FFRF wishes to erect this display on the Courthouse lawn in order to highlight what it believes to be the paramount importance of the Bill of Rights and to otherwise express itself.  It believes that placing this display on the Courthouse lawn is particularly important insofar as it believes that the County has violated the Establishment Clause for

decades, and it wishes to present a countervailing message to the nativity scene observed by County residents and visitors for half a century.

26. Additionally, FFRF is aware that it has members who reside in the County and also has members that visit the County. It would also like to erect its display to support these persons and to make sure that their secular beliefs are adequately represented.

*B. TST*

27. TST is an organized religion that encourages benevolence and empathy among all people while embracing practical common sense and justice. It believes that all persons should be guided by their consciences to undertake noble pursuits led by individual will. It further believes that it is its function as an organized religion to provide outreach, to lead by example, and to participate in public affairs wherever issues might benefit from rational, Satanic insights.

28. Also in mid-February of 2015, TST submitted a permit application to erect a display on the Courthouse lawn from November 29, 2015 through January 6, 2016. The display is to consist of an artistic three-dimensional sculpture mounted on a wooden platform within the proscribed boundaries of the lot.

29. TST wishes to erect this display on the Courthouse lawn in order to express its religious beliefs, which it believes to be particularly important insofar as in its experience many persons are not familiar with its beliefs.

30. TST does not know whether it has any members or adherents in the County, although it is aware that it has members in nearby locations. It believes that it will likely obtain more adherents if persons are made familiar with its beliefs, and it would like to erect the display for this reason as well.

*C. Denials*

31. The permit applications submitted by FFRF and TST were both considered by the County's Board of Commissioners at a public meeting convened on March 2, 2015.

32. Both applications were denied solely because neither FFRF nor TST is a resident of the County.

33. FFRF and TST continue to desire to erect their respective displays during the specified time periods in late 2015 and early 2016. Whether or not they are allowed to do so at the requested times, however, they would like to erect these or similar displays on the Courthouse lawn in future years.

Concluding Allegations

34. The requirement of the Ordinance that persons wishing to use the Courthouse lawn be residents of the County is not narrowly tailored to advance an important government interest, nor is it reasonably related to a legitimate government interest.

35. This requirement also does not leave FFRF or TST ample alternative channels through which they may reach their intended audience.

36. In the event that FFRF and/or TST are unable to erect their displays during the requested period of time in 2015 and 2016, they will suffer damages.

37. As a result of the actions of the County, both FFRF and TST are suffering irreparable injury for which there is no adequate remedy at law.

38. The County has, at all times, acted or refused to act under color of state law.

**Legal Claims**

39. The denial of the plaintiffs' permit applications, as well as the requirement that they be residents of Franklin County in order to make use of the Courthouse lawn, violates the First Amendment to the United States Constitution.

**Request for Relief**

**WHEREFORE,** the plaintiffs respectfully request that this Court:

1. Accept jurisdiction of this cause and set it for hearing.

2. Declare that the defendant has violated the rights of the plaintiffs for the reasons described above.

3. In the event that the plaintiffs are not able to erect their displays during the requested period of time in 2015 and 2016, award the plaintiffs their damages.

4. Enter a preliminary injunction, later to be made permanent, enjoining the defendant to permit the plaintiffs to erect their displays on the lawn of the Franklin County Courthouse and enjoining the defendant from enforcing its requirement that persons wishing to engage in activity on the lawn be residents of Franklin County.

5. Award the plaintiffs their costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

6. Award all other proper relief.

*/s/ Gavin M. Rose*
Gavin M. Rose,
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
grose@aclu-in.org

*Attorney for the plaintiffs*