IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FREEDOM FROM RELIGION )
FOUNDATION and THE UNITED )
FEDERATION OF CHURCHES LLC d/b/a )
THE SATANIC TEMPLE, )
) No. 1: 15-cv-484
Plaintiffs, )
)
v. )
)
FRANKLIN COUNTY, INDIANA, )
)
Defendants. )

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO HAVE SERVICE OF SUMMONS AND COMPLAINT EFFECTED BY THE UNITED STATES MARSHAL'S SERVICE**

Defendant, by its undersigned counsel, hereby Responds To Plaintiffs' Motion To Have Service Of Summons And Complaint Effected By The United States Marshal's Service as follows:

**BACKGROUND**

1. On April 6, 2015, Plaintiffs purported to serve their Complaint in this matter by sending a copy of the Complaint and Summons to the Commissioners of Franklin County via certified mail.

2. On April 29 and 30, 2015, Attorney Peter Breen, special counsel for the Thomas More Society contacted Plaintiffs' Counsel to inform him that said proper service had not yet been achieved and requested that the counsel for the County be served in order to properly effect service.

1

3. Gavin Rose, counsel for the Plaintiffs disagreed that service was incomplete but stated that, in order to avoid litigating tangential matters, he would serve the County's Counsel as well. In addition to serving the County's counsel on May 4, 2015, via certified mail (received May 6, 2015), Mr. Rose appears to have concluded that he should also ask the Court to have the Marshal's service serve the Complaint—motion that is completely unwarranted by the current circumstances and is an unnecessary burden upon the resources of this Court and the Marshal service.

4. Now that both the Defendants *and* their Counsel have been served via certified mail, Plaintiffs have completed service in accordance with Indiana Trial Court Rule 4.6. As a result, this Motion is—and has been from the moment it was filed—moot and unnecessary and, for these reasons, this Court should deny it.

## **LEGAL REQUIREMENTS FOR SERVICE OF A COMPLAINT**

5. The Federal Rules of Civil Procedure state that a "state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4.1(j)(2).

6. "Deliver," as used in Rule 4, does not mean to send via certified mail. *See* Fed. R. Civ. P. 4.1(i)(1)(A-B) (stating that, to properly serve the Federal Government, a party must "*deliver* a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" and then "*send* a copy of each by registered or certified mail to the civil-process clerk . . . ." The party must then also "*send* a copy of each by registered or certified mail to the Attorney General." (emphasis added)).

7. The second part of Rule 4(j) states that, in the alternative, a lawsuit may be served according to State law. The relevant Indiana rule, Indiana Trial Court Rule 4.6 "Service upon organizations," states that "Service upon an organization may be made as follows: . . . (4) In the case of a local governmental organization, upon the executive thereof *and* upon the attorney for the local governmental organization." Ind. Trial Ct. R. 4.6(A) (emphasis added). It continues, service "shall be made on the proper person in the manner provided by these rules, for service upon individuals . . . ." Ind. Trial Ct. R. 4.6(B).

8. In Indiana, service upon individuals may be completed by "sending a copy of the summons and complaint by registered or certified mail . . . to [the individual's] residence, place of business or employment with return receipt requested and returned showing receipt of the letter" or by personal delivery, by leaving the complaint at his home or by serving his agent (if the latter two methods are employed, a copy must also be sent by regular mail). Ind. Trial Ct. R. 4.1(A).

9. Thus service only became complete upon the Franklin County government when both the government and its attorneys had received copies of the Summons and Complaint via certified mail on May 4, 2015 and received May 6, 2015.

WHEREFORE Defendant, Franklin County, respectfully requests this Court deny Plaintiff's Motion in its entirety, as service was complete in accordance with Indiana Trial Court Rule 4.6, and therefore Rule 4 of the Federal Rules of Civil Procedure, on May 6, 2015, and that this Court grant it all other relief to which it may be justly entitled on the premises in accordance with the law.

<table>
<tr><td>

Of Counsel:
John O. Worth
Worth Law Office
136 E 2nd Street
P.O. Box 309
Rushville, IN 46173-0309
Tel: 765-932-2242
Fax: 765-932-2928

Thomas Brejcha*
Jocelyn Floyd*
Thomas More Society,
A public interest law firm
19 S. LaSalle, Ste. 603
Chicago, IL 60603
(312) 782-1680
*Pro hac vice admission pending

</td><td>

Respectfully submitted,
/s/ Jocelyn Floyd
One of the attorneys for Defendant

</td></tr>
</table>

## CERTIFICATE OF SERVICE

    I, Jocelyn Floyd, an attorney of record in this case—pending admission pro hac vice—certify that I served this document and all referenced attachments on all counsel of record via the Clerk of Court's CM/ECF system on May 27, 2015.

                                                                                        /s/ Jocelyn Floyd